UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

_____
                              :
IN RE:                        :     CHAPTER 7
                              :
CHANDLER B. SAINT,            :     CASE NO. 04-35889 (ASD)
                              :
        DEBTOR                :     RE: Doc. I.D. Nos. 204 & 212
_____:

**MEMORANDUM AND ORDER DENYING
DEBTOR'S APPLICATION TO EMPLOY COUNSEL
AND
DEBTOR'S COUNSEL'S FEE APPLICATION**

**I. INTRODUCTION**

In the present matter the Court must determine whether to approve the Debtor's application to employ counsel with *nunc pro tunc* effect to December 27, 2004, a date four years prior to the December 23, 2008, filing of the Debtor's formal Application to Employ. Also before the Court is the Debtor's counsel's application for compensation and reimbursement of expenses. As discussed hereafter, because there are no extraordinary circumstances warranting *nunc pro tunc* approval, the Application for Employment must be denied. And, in light of the denial of the Application for Employment, the Application for Compensation must be denied.

**II. BACKGROUND**

On December 27, 2004 (hereafter, the "Petition Date"), the Debtor commenced the instant bankruptcy case by filing a voluntary petition for relief under chapter 13 of the Bankruptcy Code. The case was converted to a Chapter 11 case on June 17, 2005, and then converted to a case under Chapter 7 on December 15, 2006.

On November 5, 2008, Peter L. Ressler of Groob, Ressler & Mulqueen, P.C. (hereafter, "Attorney Ressler"), as counsel for the Debtor, filed an <u>Application of Groob, Ressler & Mulqueen, PC as Attorney for Debtor for Allowance of Compensation and Expenses for the Period December 21, 2004 Through December 13, 2006</u> (heretofore and hereafter, the "Application for Compensation"), Doc. I.D. No. 204. The Application for Compensation sought allowance of (i) compensation in the amount of $42, 630.00, and (ii) reimbursement of expenses in the amount of $687.50, in connection with professional services rendered from December 21, 2004 through December 13, 2006, during the period while this case was in Chapters 13 and 11. The United States Trustee, a creditor, P & S Realty, and the Chapter 7 Panel Trustee, Barbara Katz (hereafter, collectively, the "Objecting Parties"), filed written objections to the Application for Compensation (hereafter, collectively, the "Objections to the Application for Compensation"), Doc. I.D. Nos. 207, 210 & 218, respectively. At the request of counsel, a hearing on the Application for Compensation and the Objections to the Application for Compensation, originally scheduled for December 3, 2008, was continued on three occasions and was eventually held on January 6, 2009.

Subsequent to the filing of the Application for Compensation, specifically on December 23, 2008, Chandler B. Saint, the debtor and debtor-in possession (hereafter, the "Debtor") filed an <u>Application to Employ Groob, Ressler & Mulqueen, PC as Attorneys for the Debtor Nunc Pro Tunc to December 27, 2004</u> (heretofore and hereafter, the "Application to Employ"), Doc. I.D. No. 212, seeking an order authorizing the employment of Attorney Ressler as its counsel under a general retainer pursuant to 11 U.S.C. Sec.

2

327(a). The Objecting Parties filed written objections to the requested appointment, specifically to the requested "nunc pro tunc" relief. Doc. I.D. Nos. 218,[1] 215 & 213, respectively. A hearing on the Application to Employ, coupled with a the hearing on the Application for Compensation, was held on January 6, 2009 (hereafter, the "Hearing").

At the Hearing, all parties agreed that the agreed that Application To Employ, *nunc pro tunc,* should be resolved as a threshold matter. The Objecting Parties generally conceded that the services rendered by Attorney Ressler were made in good faith, and that, had the Debtor made a timely application for approval of the employment of Attorney Ressler, it would have been approved. However, noting that neither the Application to Employ itself, nor the Hearing record, recited extraordinary circumstances warranting *nunc pro tunc* approval, the Objecting Parties argued that the Motion for Employment should be denied. At the conclusion of the Hearing, the Court provided an opportunity for the parties to supplement their argument with post-hearing briefs.

On January 12, 2009, P & S Realty and Attorney Ressler filed post-trial memoranda, Doc. I.D. Nos. 221 & 222, respectively. In Attorney Ressler's Memorandum, addressing the issue of extraordinary circumstances, he summarized and supplemented the Hearing record representations as follows:

> The extraordinary factors in mitigation here are that there is no prejudice to any creditor as the application would have been approved if it had been filed upon the conversion of the case from Chapter 13 to Chapter 11; that the transfer from Chapter 13 to Chapter 11 was essentially seamless; and that a balancing of the equities clearly favors the granting of the Application.

---

[1] The United States Trustee's single written objection, Doc. I.D. No. 218, objects to both the Application to Employ and the Application for Compensation.

3

(Ressler Mem. at 2.)

### III. DISCUSSION

#### *A. The Application for Employment*

In considering a *nunc pro tunc* retention request, the Court must address two questions: whether (i) if the Application for Emloyment had been timely filed, it would have been approved, and (ii) "the delay in seeking court approval resulted from extraordinary circumstances." In re Keren Limited Partnership, 189 F.3d 86, 87 (2d Cir. 1999).[2] The objecting parties generally concur, and the record supports, a determination that a timely filed application would have been approved. Accordingly, the sole question before the Court in this matter is the existence of extraordinary circumstances.

The Application to Employ does not state any reason for the delay, and does not recite any extraordinary circumstances for the delay. The Application for Employment was not filed with this Court until after the Application for Compensation was filed. In fact it was not filed until after objections to the Application for Compensation were filed and, moreover, until a hearing on the Application for Compensation had been continued three times. At best this scenario evidences neglect; and, even suggests something worse – an intentional dely in filing the Application for Employment on the hope that no party would

---

[2] Attorney Ressler argues that "The facts of the case in *Keren, Ltd. Partnership,* 189 F.3d 86 (2nd Cir. 1999) are distinguishable from the facts of the instant case," but does not say how, and why that factual distinction makes a difference. Rather, he cites as controlling authority the First Circuit case of *In re Jarvis*, but then argues "The test for whether a *nunc pro tunc* application should be granted by the Court was set forth in *In re Jarvis* 53 F3d 416 (1st Cir. 1995), which essentially held that approval of a *nunc pro tunc* application would be granted if the court would have approved the application had it been filed sooner, and that *any delay in seeking approval was as a result of extraordinary circumstances.*" (Ressler Mem. at 2 (emphasis added).)

4

object, and the failure to obtain prior employment authority would go unnoticed. Neglectful conduct does not constitute extraordinary circumstances. See In re Aquatic Development Group, Inc., 352 F.3d 671, 679 (2d Cir. 2003) ("'simple neglect' on the part of a debtor in failing to take timely action does not constitute the 'extraordinary circumstances' necessary to justify nunc pro tunc relief."); In re Jarvis, 53 F.3d 416, 421 (1st Cir. 1995) ("[I]f the category of extraordinary circumstances were expanded to include mere oversight, the modifying adjective 'extraordinary' would be completely emptied of its meaning.").

The Debtor also seeks *nunc pro tunc* relief on an "equitable basis." However, "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984).

Distilled to its essence, the Debtor has established nothing more than a neglect to timely file the Application to Employ. Consequently, the Application to Employ must be denied.[3]

### *B. The Application for Compensation*

Having determined that the Application for Employment must be denied, and given the long established and clear prohibition in case law against payments of fees and expenses absent prior approval of appointment, see In re Eureka Upholstering Co., 48

---

[3] Attorney Ressler's argument that a "seamless transition" from Chapter 13 to Chapter 11 eliminated the need to formally secure an appointment provides no basis for this Court to find the "extraordinary circumstances" required to justify a "*nunc pro tunc*" appointment. In addition, Attorney Ressler's argument that there is no prejudice to any creditor is vigorously disputed by P & S Realty. It appears to the Court that creditors including P & S Realty would be prejudiced by approval of the Application to Employ through its *nunc pro tunc* effect. The degree of such prejudice is not decided as the Court would not approve the Application to Employ even absent such prejudice.

5

F.2d 95 (2d Cir. 1931), the Application for Compensation must also be denied.

### IV. CONCLUSION

As discussed herein, the Debtor, in the Application to Employ, at the Hearing, and in the Post-Trial Memorandum, has completely failed to establish the existence of extraordinary circumstances warranting *nunc pro tunc* approval. Nor is such relief warranted in this case on the basis of equitable considerations. In accordance with the above,

**IT IS HEREBY ORDERED** that the Application for Employment, Doc. I.D. No. 212, is **DENIED**, and

**IT IS FURTHER ORDERED** that the Application for Compensation, Doc. I.D. No. 204, is **DENIED**.

Dated: October 9, 2009                                                                  BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge